AO 91 (Rev. 11/11) Criminal Complaint

AUSA: Tara Hindelang  Telephone: (313) 226-9543
Task Force Officer: Stuart Martin  Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Spencer Flemister | Case: 2:24−mj−30490<br>Assigned To : Unassigned<br>Assign. Date : 11/13/2024<br>Description: RE: SPENCER FLEMISTER (EOB) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 21, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922 (g)(1) | Felon in Possession of a firearm. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Stuart Martin, Task Force Officer-ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 13, 2024__

_____
Judge's signature

City and state: Detroit, Michigan

Hon. David R. Grand, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer Stuart Martin, being duly sworn, do hereby state the following:

### I. INTRODUCTION

1. I am a sworn Police Officer for the Detroit Police Department and have been employed there for approximately eleven years. I am currently a Federal Task Force Officer (TFO) assigned to the Firearms Investigation Team with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Task Force, and have been since August of 2020. I have been assigned to investigate gang, narcotics and weapons offenses in the City of Detroit and surrounding areas. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated under federal law.

2. I received extensive training and successfully graduated from the Detroit Police Academy. I have personally investigated and assisted in numerous cases involving search warrant executions, arrests, prosecutions, and the seizure of various quantities of narcotics and firearms. I am also a graduate of the University of Detroit Mercy, where I earned a bachelor's degree in criminal justice.

3. I have participated in numerous criminal investigations involving firearms, armed drug-trafficking violations, and offenses by criminal street gangs, among others. I have authored numerous state search warrants and have been involved with the execution of the search warrants. In addition, I have utilized a variety of investigative techniques and resources as a TFO, including physical and electronic surveillance, undercover and various types of informants, and cooperating sources. Through these investigations, my training and experience, and conversations with other agents and other law enforcement personnel, I have become familiar with firearms violations.

4. This affidavit is made in support of an application for a criminal complaint for Spencer FLEMISTER (XX/XX/XX88) (herein FLEMISTER).

5. This affidavit establishes probable cause that on October 21, 2024, FLEMISTER, who knows he is a convicted felon, knowingly possessed a firearm that traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

6. I make this affidavit based on my participation in this investigation, reports from other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

7. The information in this affidavit is for the limited purpose of establishing probable cause and does not contain all details or all facts relating to this investigation.

## II. PROBABLE CAUSE

8. On Monday October 21, 2024, a Detroit Police Sergeant driving a fully marked patrol car saw two men walking eastbound on Plymouth Road toward Auburn in the City of Detroit. As the Sergeant watched, one of the men, later identified as FLEMISTER, made eye contact with him before beginning to adjust his waistband.

9. Based on his training, experience, and observations, the Sergeant believed that FLEMISTER was armed and attempting to ensure that the weapon was further concealed. The Sergeant pulled over and attempted to stop FLEMISTER, but FLEMISTER instead tried to hide his body behind the other man. Then, FLEMISTER kicked off his wheat-colored Timberland boots and began fleeing at a full sprint while holding his right side.

10. The Sergeant pursued FLEMISTER and saw him retrieve a black and green handgun from his waistband as he ran. FLEMISTER tossed the handgun while fleeing through a gas station and continued running eastbound, then southbound across Plymouth down Minock and back westbound through the houses from Minock.

11. During the pursuit, the Sergeant lost sight of FLEMISTER. Meanwhile, two other officers in the area overheard the Sergeant broadcast that a man armed with a handgun had fled on foot. The Sergeant described FLEMISTER as a light-skinned Black male wearing a white shirt and black pants.

12. The officers arrived in the area of the pursuit to assist with setting up a perimeter. One officer then heard rustling from behind a house. A Special Operations Unit, who had also arrived to assist, then observed movement from behind another house and instructed a man (FLEMISTER) matching the suspect's description to stop and show his hands. FLEMISTER disregarded the order, but officers stopped him and arrested him.

13. While searching FLEMISTER for additional weapons, officers found a knotted baggie containing a suspected controlled substance.

14. After FLEMISTER's arrest, the Sergeant returned to the gas station to look for the gun he saw in FLEMISTER's hand, but found the handgun was no longer at the location. When he viewed Greenlight footage, the Sergeant saw an older man pick up the handgun after it was thrown and flee on foot.

15. This man is known in the area, so following a tip, the Sergeant found the man, who confirmed over the phone that he saw FLEMISTER toss

the gun and picked it up. The man told the Sergeant that he wanted to turn the gun over to the police.

16. The Sergeant met the man at an agreed location and recovered a black and green Glock 19 9mm pistol, loaded with 15 live rounds. The handgun was consistent with the Greenlight and bodycam evidence.

17. At the time he possessed the Glock 19 and ammunition, FLEMISTER did not have a State of Michigan concealed pistol license. In fact, FLEMISTER had previously been convicted in 2013 of armed robbery and felony firearm in Michigan's 3rd Circuit Court, for which he was sentenced to a total of 8 to 20 years in prison. At the time of his arrest, his right to possess a weapon had not been restored.

18. On November 5, 2024, Special Agent Kara Klupacs, an ATF Interstate Nexus Expert, advised that based on a verbal description of the firearm, the Glock 19 9mm pistol is considered a firearm as defined under 18 U.S.C. § 921, and was manufactured outside the State of Michigan and therefore, had traveled in and affected interstate commerce.

## CONCLUSION

19. Based on the above, probable cause exists that FLEMISTER, a previously convicted felon, knowing that he had previously been convicted of an offense punishable by more than one year imprisonment, possessed a

firearm, and said firearm had traveled in or affected interstate commerce, all in violation of Title 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Stuart Martin
Task Force Officer, ATF

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Hon. David R. Grand
United States Magistrate Judge

Date: November 13, 2024